WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
HUBERT KIM (204957)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: hkim@wilsonturnerkosmo.com

Attorneys for Plaintiff
NATURAL ALTERNATIVES
INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CENEGENICS, LLC, and ATLANTIC-PRO NUTRIENTS d/b/a XYMOGEN, LLC,<br><br>Defendants. | Case No. 3:16-cv-01711-JLS-BGS<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Complaint Filed: July 1, 2016<br><br>District Judge: Hon. Janis L. Sammartino<br>Courtroom: 4A (Schwartz)<br><br>Magistrate Judge: Hon. Bernard G. Skomal<br>Courtroom: 1280<br><br>Trial Date: Not Set<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Natural Alternatives International, Inc. ("NAI"), hereby brings this First Amended Complaint against Cenegenics, LLC ("Cenegenics") and Atlantic-Pro Nutrients d/b/a Xymogen, LLC ("Xymogen") and alleges as follows:

## INTRODUCTION

1. NAI sells its branded CarnoSyn® beta-alanine, an amino acid, to customers throughout the United States and in other countries. NAI's product is

covered by a robust portfolio of trademark, copyright and patent rights. Cenegenics sells dietary supplements containing beta-alanine that intentionally and willfully infringe upon NAI's intellectual property rights and wrongfully interferes with NAI's CarnoSyn® beta-alanine business. This amended complaint adds Xymogen, Cenegenics' manufacturer of the accused product, as an additional defendant.

**PARTIES**

2. NAI is a Delaware corporation with its principal place of business in San Marcos, California.

3. Cenegenics is a Nevada corporation with its principal place of business located at 851 South Rampart Boulevard, Suite 220, Las Vegas, Nevada.

4. Xymogen is a Florida corporation with its principal place of business located at 6900 Kingspointe Parkway, Orlando, Florida.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising from Title 35 of the United States Code, 35 U.S.C. §§ 1, *et seq*.

6. Exclusive subject matter jurisdiction over this action is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and 1338.

7. The exercise of jurisdiction over Cenegenics comports with the laws of the State of California and the constitutional requirements of due process because Cenegenics transacts business and offers to transact business in California. It operates an interactive website that is accessible and used by citizens and residents of California. California residents may use the website to purchase the accused product.

8. Xymogen makes products for Cenegenics, which ultimately are offered for sale in California.

9. Xymogen operates an interactive website that is accessible and used by citizens and residents of California. California residents may use the website to request Xymogen to manufacture the accused product.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (3).

## FACTS

**A. NAI**

11. NAI, a publicly traded company, is a leading formulator, manufacturer, marketer and supplier of nutritional supplements and provides strategic partnering services to its customers. NAI offers a wide range of innovative nutritional products and services to its clients including: scientific research, clinical studies, proprietary ingredients, customer-specific nutritional product formulation, product testing and evaluation, marketing management and support, packaging and delivery system design, regulatory review and international product registration assistance. NAI also funds, sponsors, directs and participates in research studies to establish consumer benefits and scientific efficacy supporting both product claims and marketing initiatives. The comprehensive services NAI offers and financial support for research have established NAI as an innovator in the field of nutritional science and increased the goodwill associated with NAI-authorized products.

12. NAI owns 34 patents in the United States and foreign countries related to beta-alanine. Beta-alanine is a non-essential amino acid. In numerous scientific studies, beta-alanine, when used as a dietary supplement, has been proven to delay the onset of fatigue in muscle cells, thereby eliminating muscle fatigue and soreness and has been shown to improve athletic performance. One of the inventors of the patents assigned to NAI, Dr. Roger Harris, has been recognized for his work in nutritional supplements, particularly his work in several studies using beta-alanine. He has a lifetime achievement award from the International Society of Sports Nutrition.

13. NAI sells beta-alanine to customers in the United States engaged in interstate and foreign commerce. Its beta-alanine is branded and sold under the trademark CarnoSyn®. NAI also owns the entire right, title and interest to multiple trademarks, including the CarnoSyn® trademark.

14. NAI maintains a website to promote and encourage sales of its branded beta-alanine at www.carnosyn.com, the content of which is incorporated herein by reference.

15. NAI has invested and continues to expend substantial funds to build, expand and promote sales of CarnoSyn® beta-alanine. NAI pursues legal avenues to protect its CarnoSyn® brand and intellectual property portfolio.

16. When NAI sells CarnoSyn® beta-alanine to customers, the customers receive a scientifically-tested recognized product, a limited license to NAI's trademarks and patents, and indemnification for product liability. The license extends only to the CarnoSyn® beta-alanine purchased from NAI, and does not extend to CarnoSyn® beta-alanine that contains or is mixed or comingled with any non-CarnoSyn® beta-alanine.

17. By statute, NAI's 14 U.S. patents are presumed valid. 35 U.S.C. § 282. None of those patents have been held invalid by a court.

18. NAI is the owner of U.S. Patent No. 7,504,376 ("the '376 patent"), issued on or about March 17, 2009, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues." A copy of the '376 patent is attached as Ex. A and incorporated by reference.

19. NAI is the owner of U.S. Patent No. 7,825,084 ("the '084 patent"), issued on or about November 2, 2010, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues." A copy of the '084 patent is attached as Ex. B and incorporated by reference.

**B. Cenegenics**

20. Cenegenics is a supplier and distributor of bodybuilding and sports nutrition supplements in the United States. Some of these supplements contain beta-alanine.

21. Its products are offered to and may be purchased and/or used by citizens of California. Cenegenics owns, maintains and/or operates a website at http://www.cenegenicsstore.com, the content of which is incorporated herein by reference.

22. Cenegenics offers to sell and sells a dietary supplement product called Elite Performance Power ("Elite Power"), which contains beta-alanine. Ex. C, incorporated herein by reference. The accused product is sold through Cenegenics' website and third-party sites, including Amazon.com and CVS.com.

23. Claim 1 of the '376 patent is directed to a composition comprising glycine and an amino acid selected from the group of beta-alanine, an ester of beta-alanine and an amide of beta-alanine, or a composition comprising glycine and a dipeptide selected from the group of a beta-alanine dipeptide and a beta-alanylhistidine di-peptide.

24. Cenegenics' website for the Elite Power product states that it contains 1.6 grams of beta-alanine. *Id.*

25. Cenegenics' website for the Elite Power product states that it contains 500 milligrams of GlycoCarn (Glycine Propionyl-L-Carnitine). *Id.* The website also represents that: "Classic ingredients such as caffeine, beta-alanine, and nitric oxide boosters will help all parts of your workout but it's the cordyceps sinensis and GlycoCarn that will take your training to the next level."

26. Glycine propionyl-L-carnitine is a propionyl ester of carnitine that comprises an additional glycine component.

27. The '376 patent states that the "glycine may be provided in various forms, for example, alone or in combination with other substances, such as in dietary supplements. Alternatively, glycine can be derived from other sources, such as gelatin." Ex. A ('376 patent at col. 6, ll. 8-11).

28. Claim 3 of the '376 patent depends from claim 1 and further requires that the composition of claim 1 contain either creatine or carbohydrate.

29. Cenegenics' website for the Elite Power product states that it contains 2 grams of carbohydrate. Ex. C.

30. Claim 5 of the '376 patent depends from claim 1 and further requires the composition of claim 1 to be a dietary supplement or a sports drink.

31. Cenegenics' Elite Power is a dietary supplement. *Id*.

32. Claim 6 of the '376 patent depends from claim 5 and further requires that the dietary supplement or sports drink is for humans.

33. Cenegenics' Elite Power is a custom formulated product designed to enhance strength, endurance, focus, energy and power for expert and novice human athletes. *Id*.

34. Claim 16 of the '376 patent depends from claim 1 and further requires that the composition of claim 1 is formulated for oral, enteral or parenteral administration.

35. Cenegenics' Elite Power is formulated for oral administration because the directions for use instruct the individual to mix two scoops with water and consume. *Id*.

36. Claim 1 of the '084 patent is directed to a human dietary supplement comprising beta-alanine in a unit dosage of between 0.4 grams to 16 grams.

37. Cenegenics' website for the Elite Power product states that it contains 1.6 grams of beta-alanine per dose. *Id*.

**C. Xymogen**

38. Xymogen is a manufacturer of dietary supplements based upon customer requests. Ex. D.

39. After NAI filed its initial complaint in this case, Cenegenics' counsel identified Xymogen as the manufacturer of the accused product, Elite Power. Ex. E.

40. Cenegenics' counsel further identified that Xymogen obtains the beta-alanine for the Elite Power product from Sunland Nutritional. *Id*.

41. Neither Xymogen nor Sunland Nutrition have a license to NAI's patents, including the '376 and '084 patents.

42. Claim 1 of the '376 patent is directed to a composition comprising glycine and an amino acid selected from the group of beta-alanine, an ester of beta-alanine and an amide of beta-alanine, or a composition comprising glycine and a dipeptide selected from the group of a beta-alanine dipeptide and a beta-alanylhistidine di-peptide.

43. Xymogen manufactures the Elite Power product, which contains 1.6 grams of beta-alanine. *See* ¶ 24.

44. Xymogen manufactures the Elite Power product, which contains Glycine propionyl-L-carnitine. *See* ¶ 25.

45. Glycine propionyl-L-carnitine is a propionyl ester of carnitine that comprises an additional glycine component.

46. The '376 patent states that the "glycine may be provided in various forms, for example, alone or in combination with other substances, such as in dietary supplements. Alternatively, glycine can be derived from other sources, such as gelatin." Ex. A ('376 patent at col. 6, ll. 8-11).

47. Claim 3 of the '376 patent depends from claim 1 and further requires that the composition of claim 1 contain either creatine or carbohydrate.

48. Xymogen manufactures the Elite Power product, which contains 2 grams of carbohydrate. *See* ¶ 29.

49. Claim 1 of the '084 patent is directed to a human dietary supplement comprising beta-alanine in a unit dosage of between 0.4 grams to 16 grams.

50. Xymogen manufactures the Elite Power product, which contains 1.6 grams of beta-alanine per dose. *See* ¶ 37.

## COUNT I

**(Patent Infringement - Cenegenics)**

51. The foregoing allegations are incorporated by reference.

52. Cenegenics has made, used, sold, and/or offered for sale products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the ‘376 and ‘084 patents and will continue to do so unless enjoined therefrom.

53. Cenegenics’ infringement has been willful.

54. NAI has been irreparably harmed by Cenegenics’ acts of infringement and has suffered damages in an amount to be determined at trial.

## COUNT II

**(Patent Infringement -- Xymogen)**

55. The foregoing allegations are incorporated by reference.

56. Xymogen has made, used, sold, and/or offered for sale products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the ‘376 and ‘084 patents and will continue to do so unless enjoined therefrom.

57. Xymogen’s infringement has been willful.

58. NAI has been irreparably harmed by Xymogen’s acts of infringement and has suffered damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

NAI respectfully requests that this Court enter judgment against Cenegenics and Xymogen and that the following relief be granted:

a. judgment that Cenegenics and Xymogen have infringed the claims of the ‘376 and ‘084 patents;

b. judgment that Cenegenics’ and Xymogen’s infringement of the ‘376 and ‘084 patents was willful;

c. injunction against continued infringement (35 U.S.C. § 283);

d. damages for past infringement (35 U.S.C. § 284);

e. imposition of a constructive trust on all proceeds from the sale of the accused product;

f. increased and trebled damages for willful infringement (35 U.S.C. § 284);

g. costs pursuant to Fed. R. Civ. P. 54(d) or otherwise provided by law; and

h. such other relief as the Court deems just and appropriate under the circumstances.

**JURY DEMAND**

NAI hereby demands a jury trial on all issues so triable.

Dated: August 3, 2016

**WILSON TURNER KOSMO LLP**

By: s/ Frederick W. Kosmo, Jr.
FREDERICK W. KOSMO, JR.
fkosmo@wilsonturnerkosmo.com

Attorney for Plaintiff
*NATURAL ALTERNATIVES INTERNATIONAL. INC.*

**Of Counsel:**
Kevin M. Bell
Richard J. Oparil
W. John McKeague
Porzio, Bromberg & Newman, P.C.
1200 New Hampshire Ave., NW, Suite 710
Washington, DC 20036
Tel: (202) 517-1888
Fax: (202) 517-6322