JORDAN D. GROTZINGER (SBN 190166)
grotzingerj@gtlaw.com
GREENBERG TAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA  90067
Telephone:  (310) 586-7700
Facsimile:   (310) 586-7800

Attorneys for Defendant
Cenegenics, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Natural Alternatives International, Inc., <br><br>Plaintiff, <br><br>vs. <br><br>Cenegenics, LLC, and Atlantic-Pro Nutrients d/b/a Xymogen, LLC, <br><br>Defendants. | Case No. 3:16-cv-01711-JLS-BGS <br><br>**DEFENDANT CENEGENICS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** |

# ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Cenegenics, LLC ("Cenegenics"), by and through its undersigned counsel, Greenberg Traurig, LLP, as and for its Answer to plaintiff's First Amended Complaint for Patent Infringement (the "Complaint"), hereby responds to each numbered paragraph of the Complaint as follows:

## INTRODUCTION

1. Cenegenics denies the allegations in paragraph 1 of the Complaint that refer or relate to Cenegenics. Cenegenics lacks sufficient information to form a belief as to the truth of the balance of the allegations in paragraph 1 of the Complaint.

## PARTIES

2. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Cenegenics denies that it is a "Nevada corporation" but admits that its principal place of business is located at 851 South Rampart Blvd., Las Vegas, NV 89145.

4. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Cenegenics admits that the Complaint purports to state a cause of action arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

6. Cenegenics admits that jurisdiction is proper in this Court.

7. Cenegenics admits that this Court has personal jurisdiction over Cenegenics.

8. Cenegenics admits the allegations in paragraph 8 of the Complaint.

9. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Cenegenics admits that venue is proper in this Court.

# FACTS

11. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Cenegenics denies the allegations in the first sentence of paragraph 20 of the Complaint. Cenegenics admits that its product Elite Performance Power contained beta-alanine.

21. Cenegenics admits the allegations in paragraph 21 of the Complaint.

22. Cenegenics admits that it has sold a product called Elite Performance Power, which contained beta-alanine, and that that product has been sold through Cenegenics' website and third-party websites.

23. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint, and, on that basis, denies them.

24. Cenegenics states that its website speaks for itself.

25. Cenegenics states that its website speaks for itself.

26. Cenegenics admits the allegations in paragraph 26 of the Complaint.

27. Cenegenics states that the '376 patent speaks for itself.

28. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint, and, on that basis, denies them.

29. Cenegenics states that its website speaks for itself.

30. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of the Complaint, and, on that basis, denies them.

31. Cenegenics admits the allegations in paragraph 31 of the Complaint.

32. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and, on that basis, denies them.

33. Cenegenics admits the allegations in paragraph 33 of the Complaint.

34. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint, and, on that basis, denies them.

35. Cenegenics admits the allegations in paragraph 35 of the Complaint.

36. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint, and, on that basis, denies them.

37. Cenegenics states that its website speaks for itself.

38. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Cenegenics admits that Xymogen has manufactured Elite Performance Power for Cenegenics.

40. Cenegenics admits, on information and belief, that Xymogen has obtained beta-alanine for Elite Performance Power from Sunland Nutritional.

41. Cenegenics lacks sufficient information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 of the Complaint, and, on that basis, denies them.

43. Cenegenics admits that Xymogen has manufactured Elite Performance Power for Cenegenics.

44. Cenegenics admits that Xymogen has manufactured Elite Performance Power for Cenegenics.

45. Cenegenics admits the allegations in paragraph 45 of the Complaint.

46. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the Complaint, and, on that basis, denies them.

47. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint, and, on that basis, denies them.

48. Cenegenics admits that Xymogen has manufactured Elite Performance Power for Cenegenics.

49. Cenegenics states that the '376 patent speaks for itself. Cenegenics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint, and, on that basis, denies them.

50. Cenegenics admits that Xymogen has manufactured Elite Performance Power for Cenegenics.

## COUNT I

### (Patent Infringement – Cenegenics)

51. Cenegenics repeats its responses to all prior allegations of the Complaint as if set forth in full herein.

52. Cenegenics denies the allegations in paragraph 52 of the Complaint.

53. Cenegenics denies the allegations in paragraph 53 of the Complaint.

54. Cenegenics denies the allegations in paragraph 54 of the Complaint.

## COUNT II

### (Patent Infringement – Xymogen)

55. Cenegenics repeats its responses to all prior allegations of the Complaint as if set forth in full herein.

56. The allegations contained in paragraph 56 are factual allegations and conclusions of law directed at other defendants for which no response is required. To the extent a response is required, Cenegenics denies the same.

57. The allegations contained in paragraph 57 are factual allegations and conclusions of law directed at other defendants for which no response is required. To the extent a response is required, Cenegenics denies the same.

58. The allegations contained in paragraph 58 are factual allegations and conclusions of law directed at other defendants for which no response is required. To the extent a response is required, Cenegenics denies the same.

## RESPONSE TO PRAYER FOR RELIEF

Cenegenics denies that Plaintiff is entitled to any of the relief sought in its prayer for relief. Cenegenics has not infringed and does not infringe any of the asserted patents in any manner, willful or otherwise. Plaintiff is not entitled to a judgment in its favor, nor is it entitled to a preliminary or permanent injunction, or to recover damages, costs, attorneys' fees, interest, or anything else from Cenegenics . Plaintiff's prayer for relief

should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

Any claim, allegation, characterization, and/or statement in plaintiff's Complaint heretofore neither expressly admitted nor denied is hereby expressly denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Cenegenics asserts the following defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law:

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Cenegenics has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent Nos. 7,504,376 ("the '376 patent") or 7,825,084 ("the '084 patent) (collectively, the "patents-in-suit").

3. Plaintiff's claims for infringement of the patents-in-suit are barred, in whole or in part, by the equitable doctrines of laches and estoppel.

4. The patents-in-suit, and each claim thereof, are invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

5. If the Plaintiff is entitled to damages for infringement of the patents-in-suit, which is expressly denied, those damages are limited by 35 U.S.C. § 287.

6. Plaintiff's recovery for alleged infringement of the patents-in-suit, if any, is limited under 28 U.S.C. § 1498(a) to the extent that the accused articles were sold to the United States, or used or manufactured by or for the United States.

Cenegenics reserves the right to add to or amend this list of Additional and Affirmative Defenses with additional defenses based upon further investigation including, but not limited to, defenses that may be revealed through discovery.

**WHEREFORE**, Cenegenics prays that Plaintiff's Complaint be dismissed with prejudice; that judgment be entered in favor of Cenegenics; and that the Court award Cenegenics its costs, fees, and expenses to the extent allowed by law.

## COUNTERCLAIMS

For its counterclaims against Natural Alternatives International, Inc. ("Plaintiff" or "NAI"), Cenegenics, LLC ("Cenegenics"), avers and states as follows:

1. Cenegenics is a Delaware limited liability company with its principal place of business located at 851 South Rampart Blvd., Las Vegas, NV 89145.

2. On information and belief, Plaintiff Natural Alternatives International, Inc. is a Delaware corporation with a principal place of business at in San Marcos, California.

## JURISDICTION AND VENUE

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Venue is technically proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400.

5. Plaintiff has asserted that Cenegenics infringes the patents-in-suit, which Cenegenics has denied. Accordingly, an actual controversy exists between Cenegenics and Plaintiff over alleged infringement, invalidity and unenforceability of the patents-in-suit.

## FIRST COUNTERCLAIM
## NON-INFRINGEMENT OF THE '376 PATENT

6. Cenegenics incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

7. Cenegenics has not infringed and does not infringe any valid, enforceable claim of the '376 patent, either literally or under the doctrine of equivalents.

8. Cenegenics seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '376 patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
## NON-INFRINGEMENT OF THE '084 PATENT

9. Cenegenics incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

10. Cenegenics has not infringed and does not infringe any valid, enforceable claim of the '084 patent, either literally or under the doctrine of equivalents.

11. Cenegenics seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '084 patent, either literally or under the doctrine of equivalents.

## THIRD COUNTERCLAIM
## INVALIDITY OF '376 PATENT

12. Cenegenics incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

13. The '376 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. Cenegenics therefore seeks a declaratory judgment that each claim of the '376 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

## FOURTH COUNTERCLAIM
## INVALIDITY OF '084 PATENT

15. Cenegenics incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

16. The '084 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

17. Cenegenics therefore seeks a declaratory judgment that each claim of the '084 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

## **PRAYER FOR RELIEF**

Cenegenics respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order and judgment declaring that Cenegenics does not infringe any claim of the '376 patent;

b. An order and judgment declaring that the claims of the '376 patent are invalid and/or unenforceable;

c. An order and judgment declaring that Cenegenics does not infringe any claim of the '084 patent;

d. An order and judgment declaring that the claims of the '084 patent are invalid and/or unenforceable;

e. Dismissal of the Complaint with prejudice;

f. An order declaring this case exceptional and awarding Cenegenics its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. Any other relief that the Court may deem appropriate and just under the circumstances.

DATED: October 18, 2016               GREENBERG TAURIG, LLP

By: */s/ Jordan D. Grotzinger*
JORDAN D. GROTZINGER
Attorneys for Defendant
Cenegenics, LLC

# CERTIFICATE OF SERVICE

I certify that on October 18, 2016, the foregoing **DEFENDANT CENEGENICS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** was electronically filed with this Court, with electronic service sent to the following counsel of record:

Frederick W. Kosmo, Jr.
WILSON TURNER KOSMO LLP
550 West C Street, Suite 1050
San Diego, CA  92101-3532
Tel: 619-236-9600
Email:  fkosmo@wilsonturnerkosmo.com

Executed on October 18, 2016, at Los Angeles, California

　　　　　　　　　　　　　　　　　*/s/ Jordan D. Grotzinger*