Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

*Attorneys for Defendant*
*XYMOGEN, INC.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NATURAL ALTERNATIVES INTERNATIONAL, INC.,

Plaintiff,

v.

CENEGENICS, LLC., and ATLANTIC-PRO NUTRIENTS d/b/a XYMOGEN, INC.,

Defendants.

Case No. 3:16-CV-01711-JLS-BGS

**DEFENDANT XYMOGEN, INC'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

## ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Xymogen, Inc. (formerly known as Atlantic Pro-Nutrients, Inc. dba Xymogen, and incorrectly named in this lawsuit as "Atlantic-Pro Nutrients d/b/a Xymogen, LLC") ("Xymogen"), by and through its undersigned counsel, Turner Boyd LLP, as and for its Answer to plaintiff's First Amended Complaint for Patent Infringement (the "Complaint"), hereby responds to each numbered paragraph of the Complaint as follows:

## INTRODUCTION

1. Xymogen denies the allegations in paragraph 1 of the Complaint that refer or relate to Xymogen. Xymogen lacks sufficient information to form a belief as to the truth of the balance of the allegations in paragraph 1 of the Complaint.

## PARTIES

2. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis denies them.

3. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and on that basis denies them.

4. Xymogen denies that it is a Florida corporation. Xymogen admits that its principal place of business located at 6900 Kingspointe Parkway, Orlando, Florida.

## JURISDICTION AND VENUE

5. Xymogen admits that the Complaint purports to state a cause of action arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*

6. Xymogen admits that jurisdiction is proper in this Court.

7. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Xymogen admits that it makes products for Cenegenics. Xymogen lacks lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and on that basis denies them.

9. Xymogen admits that it operates an interactive website that is accessible in California. Xymogen denies that California residents may use the website to request Xymogen to manufacture the accused product. Xymogen lacks lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and on that basis denies them.

10. Xymogen admits that venue is proper in this Court.

**FACT**

11. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and on that basis denies them.

12. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that basis denies them.

13. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis denies them.

15. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that basis denies them.

16. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and on that basis denies them.

17. Xymogen admits that U.S. Patents are presumed valid under 35 U.S.C. §282. Xymogen lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and on that basis denies them.

18. Xymogen admits that the face of the '376 patent indicates (1) Natural Alternatives International is the assignee, (2) the title is "Methods and Compositions for Increasing the Anaerobic Working Capacity in Tissues," and (3) the issuance date is March 17, 2009. Xymogen lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and on that basis denies them.

19. Xymogen admits that the face of the ’084 patent indicates (1) Natural Alternatives International is the assignee, (2) the title is “Methods and Compositions for Increasing the Anaerobic Working Capacity in Tissues,” and (3) the issuance date is November 2, 2010. Xymogen lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint, and on that basis denies them.

20. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies them.

21. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis denies them.

22. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies them.

23. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies them.

24. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies them.

25. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies them.

26. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies them.

27. Xymogen states that the ’376 patent speaks for itself.

28. Xymogen states that the ’376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint, and, on that basis, denies them.

29. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies them.

30. Xymogen states that the ’376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of the Complaint, and, on that basis, denies them.

31. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies them.

32. Xymogen states that the ’376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and, on that basis, denies them.

33. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Xymogen states that the ’376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint, and, on that basis, denies them.

35. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36. Xymogen states that the ’376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint, and on that basis, denies them.

37. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and on that basis, denies them.

38. Xymogen admits that it has a contract manufacturing division that manufactures custom formulas. Xymogen otherwise denies the allegations in paragraph 38 of the Complaint.

39. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and on that basis, denies them.

40. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and on that basis, denies them.

41. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Xymogen states that the '376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 of the Complaint, and, on that basis, denies them.

43. Xymogen denies the allegations in paragraph 43 of the Complaint.

44. Xymogen denies the allegations in paragraph 44 of the Complaint.

45. Xymogen lacks sufficient information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies them.

46. Xymogen states that the '376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the Complaint, and, on that basis, denies them.

47. Xymogen states that the '376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint, and, on that basis, denies them.

48. Xymogen denies the allegations in paragraph 48 of the Complaint.

49. Xymogen states that the '376 patent speaks for itself. Xymogen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint, and, on that basis, denies them.

50. Xymogen denies the allegations in paragraph 50 of the Complaint.

**COUNT I**

**(Patent Infringement – Cenegenics)**

51. Xymogen repeats its responses to all prior allegations of the Complaint as if set forth in full herein.

52. The allegations contained in paragraph 52 are factual allegations and conclusions of law directed at other defendants for which no response is required. To the extent a response is required, Xymogen denies the same.

53. The allegations contained in paragraph 53 are factual allegations and conclusions of law directed at other defendants for which no response is required. To the extent a response is required, Xymogen denies the same.

54. The allegations contained in paragraph 54 are factual allegations and conclusions of law directed at other defendants for which no response is required. To the extent a response is required, Xymogen denies the same.

**COUNT II**

**(Patent Infringement – Xymogen)**

55. Xymogen repeats its responses to all prior allegations of the Complaint as if set forth in full herein.

56. Xymogen denies the allegations in paragraph 56 of the Complaint.

57. Xymogen denies the allegations in paragraph 57 of the Complaint.

58. Xymogen denies the allegations in paragraph 58 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Xymogen denies that Plaintiff is entitled to any of the relief sought in its prayer for relief. Xymogen has not infringed and does not infringe any of the asserted patents in any manner, willful or otherwise. Plaintiff is not entitled to a judgment in its favor, nor is it entitled to a preliminary or permanent injunction, or to recover damages, costs, attorneys' fees, interest, or anything else from Xymogen. Plaintiff's prayer for relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

Any claim, allegation, characterization, and/or statement in plaintiff's Complaint heretofore neither expressly admitted nor denied is hereby expressly denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Xymogen incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. Without assuming any burden that it would not otherwise bear and without reducing the Plaintiff's burden on any of the claims in the Complaint, Xymogen states the following affirmative defenses to the claims in the Complaint. Xymogen reserves the right to amend its affirmative defenses and to add additional affirmative defenses, including, but not limited to, any defenses revealed during discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Xymogen has not directly or indirectly infringed and is not directly or indirectly infringing the Asserted Patents, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

The Asserted Patents and all of their asserted claims are invalid for failing to satisfy one or more requirements of the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

## FOURTH AFFIRMATIVE DEFENSE

Based on the amendments and representations made during prosecution of the patent applications that ultimately issued as the Asserted Patents, Plaintiff's claims against Xymogen are barred, in whole or in part, by the doctrines of prosecution history disclaimer and/or prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover money damages for any alleged infringement committed more than six years prior to filing Plaintiff's Complaint (35 U.S.C. § 286),

and, to the extent Plaintiff failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiff may not recover damages prior to filing of Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Plaintiff has an adequate remedy at law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's remedies are limited under 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited in whole or in part under principles of equity, including laches, waiver, estoppel, and/or unclean hands.

**RESERVATION OF DEFENSES**

Xymogen reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

**XYMOGEN'S PRAYER FOR RELIEF**

WHEREFORE, Xymogen prays for the following relief:

A. That the Court enter a judgment finding that Xymogen is not liable for any alleged infringement of the patents-in-suit;

B. That the Court enter a judgment finding that the claims of the patents-in-suit are invalid and/or unenforceable;

C. An award to Xymogen of its reasonable attorneys' fees and costs, including those pursuant to 35 U.S.C. § 285; and

D. All other and further relief as the Court deems equitable and just.

TURNER BOYD LLP

Dated: November 14, 2016 By: *s/Karen I. Boyd*

Karen I. Boyd
boyd@turnerboyd.com

Attorneys for Defendant
XYMOGEN, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2016, I served the foregoing electronically via the Court's ECF to the following:

**For Natural Alternatives International, Inc.**
Frederic W. Kosmo, Jr.
fkosmo@wilsonturnerkosmo.com
Hubert Kim
hkim@wilsonturnerkosmo.com
WILSON TURNER KOSMO
550 West C Street, Suitet 1050
San Diego, California 92101

Kevin M. Bell
kmbell@pbnlaw.com
PORZIO BROMBERG & NEWMAN, P.C.
1200 New Hampshire Avenue, NW, Suite 710
Washington, DC 20036

**For Cenegenics, LLC**
Jordan D. Grotzinger
grotzingerj@gtlaw.com
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

*s/Karen I. Boyd*
Karen I. Boyd